Rochelle Kleinberg
Associate Regional Solicitor
Jay Williamson, Attorney
williamson.jay@dol.gov
Washington State Bar # 10809
Office of the Solicitor
U.S. Department of Labor
1111 Third Avenue Bldg., Suite 945
Seattle, Washington 98101
(206) 553-0940
(206) 553-2768 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> THE STUCCO COMPANY, INC., a corporation and ANDREW DUMMAR, an individual, <br><br> Defendants. | CASE NO. <br><br><br><br> COMPLAINT |

I

Plaintiff brings this action, pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, to enjoin Defendants from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the Act. Plaintiff also and separately brings this action, (1) pursuant to Section 16(c) of the Act for the recovery of a Judgment against Defendants for unpaid overtime compensation due

COMPLAINT
Page 1

Defendants' employees and liquidated damages in an amount equal thereto, or, in the event liquidated damages are not awarded, (2) pursuant to Section 17 of the Act for recovery of a Judgment restraining Defendants from withholding payment of unpaid overtime compensation due Defendants' employees plus pre-judgment interest computed thereon.

II

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

III

(a)  Defendant, The Stucco Company, Inc., is a corporation, with a place of business located in Nampa, Idaho, within the jurisdiction of this Court, where it is engaged in the business of construction.

(b)  Defendant, Andrew Dummar, is the President and owner of Defendant The Stucco Company, Inc., with a business address in Nampa, Idaho and acts directly and indirectly in the interest of Defendant The Stucco Company, Inc. in relation to the employees listed on Exhibit A to the Complaint.

IV

At all times hereinafter mentioned, Defendants have employed and are employing, employees in and about their aforesaid place of business in ordering, receiving, preparing,

COMPLAINT
Page 2

storing and handling goods and materials which have been transported, shipped, or delivered from points outside the State of Idaho; in preparing, transmitting, mailing, or receiving transmissions, reports, letters, correspondence, billings, or remittances to and from points outside the State of Idaho and in using the facilities of commerce.  Said employees, by reason of their activities as aforesaid, were and are engaged in commerce within the meaning of the Act.

V

At all times hereinafter mentioned, Defendants employed and are employing, employees in and about their aforesaid places of business in handling, preparing or otherwise working on equipment and other goods or materials which have been transported, shipped or delivered to places within the State of Idaho from places outside thereof and were produced for commerce.

VI

At all times hereinafter mentioned, the activities of Defendants (referred to in paragraphs III, IV, and V above) were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of Section 3(r)(1) of the Act.

VII

At all times hereinafter mentioned, Defendants were engaged in the operation of an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of sales taxes at the retail level stated separated) and as such is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(A)(ii).

VIII

Defendants have violated and are violating the provisions of Section 7 and 15(a)(2) of the Act by employing many of its employees engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours since January, 2004 without compensating said employees for their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

IX

Defendants repeatedly have violated and are violating the provisions of Section 11(c) and 15(a)(5) of the Act, in that since January, 2004 they have failed to make, keep and preserve records of many of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under said Section 11(c) at 29 C.F.R. Part 516, in that the records kept by Defendants failed to show the hours actually worked each workday

COMPLAINT
Page 4

and each workweek, the basis upon which wages are paid, and the total straight time and overtime earnings for each workweek, with respect to many of its current and former employees.

X

During the period since on or about January, 2004 Defendants have violated or are violating the aforesaid provisions of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of Section 15(a)(2) and 15(a)(5) of the Act; and

(2) For an Order

(a) Pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found by the Court to be due Defendants' employees, or, in the event liquidated damages are not awarded,

(b) Pursuant to Section 17 enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from withholding payment of unpaid overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment

rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

    (3) For an Order awarding Plaintiff the costs of this action; and

    (4) For an Order granting such other and further relief as may be necessary and appropriate.

    DATED this 18TH day of October, 2006

                            Howard M. Radzely
                            Solicitor of Labor

                            Lawrence Brewster
                            Regional Solicitor

                            Rochelle Kleinberg,
                            Associate Regional Solicitor

                            By /s/ Jay A. Williamson
                            Jay A. Williamson, Attorney

COMPLAINT
Page 6

I HEREBY CERTIFY that on the ___18th___ day of October, 2006 I filed the foregoing Complaint, the attached Exhibit A, the proposed Consent Judgment being filed simultaneously with this Complaint and this Certificate of Service through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Dan C. Dummar
Attorney for Defendants
rexburglaw@msn.com

_____
Jay Williamson