1 Rochelle Kleinberg
  Associate Regional Solicitor
2 Jay Williamson, Attorney
  williamson.jay@dol.gov
3 Washington State Bar # 10809
  Office of the Solicitor
4 U.S. Department of Labor
  1111 Third Avenue Bldg., Suite 945
5 Seattle, Washington 98101
  (206) 553-0940
6 (206) 553-2768 (fax)

7 Attorneys for Plaintiff

8

9
                  UNITED STATES DISTRICT COURT
10                 FOR THE DISTRICT OF IDAHO

11 ELAINE L. CHAO, SECRETARY OF LABOR,    ) CASE NO.1:06-cv-420
   UNITED STATES DEPARTMENT OF LABOR,     )
12                                         )
                          Plaintiff,       )
13        v.                               )
                                           )
14 THE STUCCO COMPANY, INC., a            ) CONSENT JUDGMENT
   corporation and ANDREW DUMMAR, an      )
15 individual,                            )
                                           )
16 Defendants.                            )
                                           )
17 ──────────────────────────────────────

18        Plaintiff has filed her Complaint and Defendants, The

19 Stucco Company, Inc., a corporation and Andrew Dummar, an

20 individual, hereby appear and agree to the entry of this

21 Judgment without further contest.  Therefore, upon motion and

22 direction of the Plaintiff and Defendants The Stucco Company,

23 Inc., a corporation, and Andrew Dummar, an individual, and for

24 cause shown:

25


CONSENT JUDGMENT
Page 1

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendants The Stucco Company, Inc., a corporation, and Andrew Dummar, an individual, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest be, and they hereby are permanently enjoined and restrained from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.), hereinafter referred to as the Act, in any of the following manners:

(1)   Defendants The Stucco Company, Inc., a corporation, and Andrew Dummar, an individual, shall not contrary to §7 of the Act, employ any of their employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

(2)   Defendants The Stucco Company, Inc., a corporation, and Andrew Dummar, an individual, shall not fail to make, keep and preserve records of its employees, and of the wages, hours, and other conditions and practices of employment maintained by it, as prescribed by the regulations of the administrator of the Wage and Hour Division, United States Department of Labor,

issued and from time to time amended, pursuant to §11(c) of the Act and found in 29 C.F.R. Part 516.

**IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants The Stucco Company, Inc. a corporation and Andrew Dummar, an individual, the sum of $38,508.50 in overtime, including interest, due their employees.  Payment is to be made by regular payroll check with the payee made payable in the alternative "U.S. Department of Labor or [name of employee]". Checks are to be issued to each of the employees listed in Exhibit A with each check in the net amount accompanied by a list of the employees for whom the check represents back wage payment, their Social Security Numbers and the legal deductions made from the gross amounts due. Defendants will be responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state or local taxes.  The checks are to be mailed to:

> U.S. Department of Labor
> Wage-Hour Division
> 620 SW Main Street, Room 423
> Portland, OR 97205

within ninety days of the date of the signing of this Order. Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit A attached hereto or their estates if that is necessary.  Any money not so paid within three (3) years because of inability to locate said

CONSENT JUDGMENT
Page 3

employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the United States pursuant to 28 U.S.C. §2041.

IT IS FURTHER ORDERED that the rights of any of the Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither party to this action intends or contemplates that the Judgment entered in this action will affect such rights if any.

IT IS FURTHER ORDERED that no costs or attorney fees are awarded to either party.

DATED this 28 day of November, 2006.

Michael Will
United States District Judge

ENTRY OF THIS JUDGMENT IS HEREBY CONSENTED TO AND NOTICE OF PRESENTATION IS WAIVED:

Andrew Dummar, individually and for The Stucco Company, Inc.

Dated: 10/27/2006

Dan C. Dummar
Attorney for Defendants

CONSENT JUDGMENT
Page 4

Presented by:

UNITED STATES DEPARTMENT OF LABOR

Howard M. Radzely
Solicitor of Labor

Lawrence Brewster
Regional Solicitor

Rochelle Kleinberg,
Associate Regional Solicitor

By _Jay A. Williamson_____
    Jay A. Williamson, Attorney

Dated: __10/18/06_____

CONSENT JUDGMENT
Page 5